**IN THE UNITED STATES DISTRICT COURT**
**FOR NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**
**STATE OF GEORGIA**



FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV 0 4 2021

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

Samuel Ghee

Plaintiff

Vs.

**COMCAST CABLE**
**COMMUNICATIONS, LLC,**

Civil Action File No#

# 1:21-CV-4561

**Magistrate Albert L. Norton, personal capacity**

Defendants

**Conspiracy to Conspire with a Private Party**
**Under the Color of State law under 42 USC 1983**

**Jurisdiction**

1. This Court has jurisdiction pursuant to 28 U.S.C. 1331, 28 U.S.C. 1343

2. This venue is proper in the Atlanta Division of the U.S. District Court in Northern

   District of Georgia pursuant to 28 U.S.C 1391.

**The Defendants**

3. **A. (DBA) Comcast Cable Communications, LLC**, foreign, registered charter at the

   Secretary of State, Georgia.  Registered Agent is C T Corporation System, 289 S.

   Culver At, Lawrenceville, GA, 30046, Gwinnett Georgia, Gwinnett County and legal

   corporate mailing address at Comcast Center, 1701 JFK Boulevard, Philadelphia, PA

   19103.

   **B.  Magistrate Albert L. Norton**, Gwinnett County Magistrate Court

## INTRODUCTION

4. The terms of § 1983 make plain two elements that are necessary for recovery. First, the plaintiff must prove that the defendant has deprived him of a right secured by the "Constitution and laws" of the United States. Second, the plaintiff must show that the defendant deprived him of this constitutional right "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." This second element requires that the plaintiff show that the defendant acted "under color of law."

5. To act 'under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents," United States v. Price, 383 U.S. 787, 794, 86 S. Ct. 1152, 1157, 16 L. Ed. 2d 267 (1966).

6. A cause of action under 42 U.S.C. § 1983 is stated only if a plaintiff alleges both that a defendant's action is "under color of any statute, ordinance, regulation, custom, or usage, of any State" and that the action subjects the plaintiff "to the deprivation of any rights . . . secured by the Constitution and laws" of the United States. a plaintiff also must allege that the defendants conspired or acted jointly or in concert and that some overt act was done in furtherance of the conspiracy. Hoffman v. Halden, 268 F.2d 280, 292-94 (9th Cir.Although

7. Although the judge may be immune from suit, the private parties who conspired with him act "under color of state law" for purposes of section 1983 suits. See Dennis v. Sparks, 449 U.S. 24, 27-29, 101 S. Ct. 183, 186-87, 66 L. Ed. 2d 185 (1980)

## Statement of Facts Alleged

8. Plaintiff commenced a claim in Magistrate Court of Gwinnett County, Ga on May 12, 2021 case number 21-M-12968. A case arriving out of an injury incident that happen by returning the company's product to one of the stores of Defendant, Xfinity Comcast. For no reason what so ever, Plaintiff was assaulted by their employees over a mask and as a result they wanted to through the Plaintiff out of the store refusing to release their identity. Being an elder PTSD veteran Plaintiff's anxiety escalated and caused other mental and emotional problems. After sending notice and receiving no response, Plaintiff filed suit under assault, intentional harmful behavior of their employees.

9. On May 25, 2021, Plaintiff completed four subpoenas **(see exhibit A),** and had the Gwinnett County Sheriff to serve them upon the Defendants. 1. Since the store had customers, Plaintiff subpoenaed the names of a few customers from their data who were in the store around the same time. 2. A subpoena to produce the video footage in store on file that covered the incident around the time of the incident. 3. A subpoena to produce names and address of employees involved that was there so that Plaintiff can send a subpoena to them to show up at the hearing. 4. And a subpoena for a copy of the policy for maintaining video storage.

10. Around June 8, 2021, Defendant's counsel moved to file a Motion to Squash all the Subpoenas on the grounds of Rule 40 of the Uniform Magistrate Court Rules,

11. Plaintiff filed an objection to that move stipulating that subpoenas did not pertain to O.C.G. A. 9-11-27 through 9-11-36 of Rule 40 of the Uniform Magistrate Rules, the Rules of Discovery and the Rule of Evidence was where subpoenas reside. A subpoena is governed under O.C.G.A. 24-10-20 **(see exhibit B)** through 24-10-29, Rules of

Evidence a policy made by the legislators to compel evidence exclusively.  The way the authority of the statute reads, if any failure those rules should be enforce.

12. A few days before four months had passed a hearing **(see exhibit C)** was held on September 23, 2021 at 1:30 pm in court room 1(c), Gwinnett Magistrate Court and the subpoenas still had not been answered.  When it was time for Plaintiff to deliver his case, the first issue Plaintiff addressed the magistrate Albert L. Norton was why subpoenas have not been answered and not being enforced. Mainly, O.C.G.A. 24-10-25 (b), Enforcement of Subpoena, **"no continuance shall be granted because of failure to respond thereto when the party obtaining them fails to present to the clerk the name and address of the witness so subpoenaed at least <u>six hours before appearance is required.</u>** Up to this very day there were never anything filed for those subpoenas to the court clerk **(see exhibit E, final docket)**.

13. At that point, magistrate Albert L. Norton continues to proceed to hear the case glossing over the main issue about the failure respond subpoenas.  The Defendant's counsel brought in two people as witnesses, and the spoiled edited video footage of the incidence in which at that point were considered spoiled evidence.  Plaintiff objected while they continued their show because if the court was not going to scrutinize the status of those subpoenas, everything else was not relevant.  Because the Gwinnett Magistrate Court does not entertain motions as stated under their motion rule, the court had to confront the failure at the hearing.  Therefore, Plaintiff had no other choice but to wait until the hearing.  At the ending of the hearing, the magistrate Albert L. Norton awarded victory to the Defendant's counsel depriving Plaintiff of a statutory right of due process and equal protection.  There's no other court in the State of Georgia where

a party who never responded to a subpoena brings the spoil evidence in a hearing and win the case with no scrutiny from a court to hold such type behavior in contempt.

### Subpoena, Policy making Authority or Discretionary Authority

14. The Supreme Court decisional law holds that whether an official has final policy making authority is an issue of law to be determined by reference to state and local law/statutes.  In O.C.G.A. 24-10-25 (b), Enforcement, clearly states **"no continuance shall be granted because of failure to respond thereto when the party obtaining them fails to present to the clerk the name and address of the witness so subpoenaed <u>at least six hours before appearance is required.</u>**  That particular statement in the policy gives no authority to the court or judge to make determinations nor discretions. In Plaintiff's case, none of defendant's subpoenas were presented to the clerk.  In Pembaur v.City of Cincinnati, 475 U.S. 469 (1986), a majority of the Supreme Court held that a single decision by an official with policy making authority in a given area could constitute official policy.  In Pembaur, the prosecutor ordered local law enforcers to get two witnesses from private property.  Although the local law enforcers had authority of a capiases for the two witnesses, they had no search warrant for the premises which caused the prosecutor to be liable.  In Plaintiff's case, the only discretion given in O.C.G.A. 24-10-25 (a), is to consider whether or not the subpoena was served in a timely manner.  If served timely and the results was a failure to response, the statute states that **"subpoenas may be enforced by attachment for contempt and a fine".**  In Plaintiff's case, magistrate Albert L. Norton gave the win to the Defendant who had some of the failed evidence from Plaintiff's subpoenas which was a discretionary decision and not by laws of the statute.

**The Nexus**

**15.** Both the defense counsel and the magistrate court judge Albert L. Norton hold bar cards **(see exhibit F).** Attorneys should know and abide by the standards of professional conduct as expressed in applicable law and ethical codes and opinions in the applicable jurisdiction. They also should not permit their professional judgment or obligations regarding the representation of a client to be adversely affected by loyalties or obligations to other, former, or potential clients; by client obligations of their law partners; or by their personal political, financial, business, property, or other interests or relationships that will cause a conflict of interest.

**16.** Under a great deal of circumstances, there has to be some type relationship between the magistrate Albert L. Norton and the defense attorney William R. Johnson

**17.** It is highly circumstantial that these two individuals mingle in private together because they both hold bar cards. As a magistrate who oversees claims for the Gwinnett County Magistrate Court, he continues to operate Norton's Law Firm P.C. as an active bar member **(see exhibit F).** Plaintiff observed in the court room the same day the hearing right before his hearing and this magistrate Albert L. Norton gave every actions of that hearing every legitimate legal reason behind his rulings.  When Plaintiff's hearing which was the next, the magistrate whole demeanor changed even when Plaintiff ask about the bases for what he was doing he refused to state any.  Take a look at the documents from the case, the notice for hearing is not signed by the clerk, the magistrate's name is nowhere to be found on the case, and he barely wanted to sign the judgment leaving every legal reasoning of his actions blank. When there's no bases or legal reasoning to sustain a magistrate's actions, there's a good chance of nefarious

motives and not judicial integrity.  If there were any sensible legal reasoning behind this magistrate's actions, this claim would never have to be filed.

## FIRST CAUSE OF ACTION

### RIGHT TO DUE PROCESS OF LAW; 42 U.S.C. § 1983 FIFTH AND FOURTEENTH AMENDMENTS; ART. I

**18.** Plaintiffs reallege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth hereat. Defendants, owed Plaintiffs a duty under the due process clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution, no states shall deprive any "person" of "life, liberty or property" without due process of law.  magistrate Albert L. Norton had a duty to enforce Georgia statue 24-10-25 (b), failure to respond to subpoena depriving Plaintiff of a statutory due process right under color of stat law. Plaintiff has the right to a fair and impartial hearing in Georgia courts without being deprived of his due process rights and causing further harm of losing a claim.

## SECOND CAUSE OF ACTION

### RIGHT TO EQUAL PROTECTION; 42 U.S.C. § 1983 FIFTH AND FOURTEENTH AMENDMENTS; SECTION I

**19.** Plaintiffs reallege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth hereat.

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; *nor deny to any person within its jurisdiction the equal protection of the laws.*

magistrate Albert L. Norton deprived Plaintiff of the equal protection of justice under color of state law from being treated in the same manner as others would be in similar conditions and circumstances. The statute O.C.G.A. 24-10-25 (b) was the final policy authority and not magistrate Albert L. Norton's discretionary decision.  The statute is clearly indicating that the law should be enforce by all courts and judges.   In the process, magistrate Albert L. Norton deprived Plaintiff of equal protection of justice under color of state law and causing further harm of losing a claim.

20.

### Evidentiary

a.   Affidavit support

b.   **Exhibit A**, Subpoenas filed in the Gwinnett Magistrate Court

c.   **Exhibit B**, a copy of Georgia statute O.C.G.A, 24-10-25, Enforcement of subpoenas; continuance; secondary evidence of books; papers, or documents

d.   **Exhibit C**, a copy of a notice of a hearing date

e.   **Exhibit D,** a copy of the judgment issued

f.   **Exhibit E,** a copy of the final court docket after judgment

g.   **Exhibit B,** State Bar of Georgia active membership of both the defense attorney and the magistrate as a nexus

h.   Rule 4 of the Federal Rules of Civil Procedure Waiver of Service Comcast Cable Communications LLC, certified mail #70201810000174099151 and Magistrate Albert L. Norton certified mail #70190700000129745059.

### Plaintiff's Prayer for Relief

**21.** Compensatory damages $900,000.00

**22.** Litigation fees cost of getting to higher courts that make legal sense

**23.** If any jury to hear this cause of action;

**24.** For costs to be taxed to the Defendant;

**25.** For pre- and post-judgment interest.

**26.** For such other and further relief as the Court may deem proper; and,

Attachment:  Affidavit and Exhibit

Executed this _4th_ day of _November_ 2021

GHEE, SAMUEL
P.O. Box 92120
Atlanta, Georgia 30314
Phone:  678 887-8067
gheesamuel@yahoo.com

# Exhibit:  A

Subpoenas Filed in Gwinnett Magistrate Court

STATE OF GEORGIA
COUNTY OF GWINNETT

☐ SUPERIOR COURT        ☐ CIVIL DIVISION
☐ STATE COURT           ☐ CRIMINAL DIVISION
☑ MAGISTRATE COURT

## SUBPOENA FOR PRODUCTION OF EVIDENCE

SHMUEL. GHEE.
**Plaintiff**

Vs. *Finity (comcast Cable
Phone, cal Internet Communications, LLC
**Defendant**

**Case Number:** 21-M-12968

**TO WITNESS:**

NAME: Defendant
ADDRESS: 784 S Culver
Lawrenceville, Ga 30046

YOU ARE HEREBY COMMANDED, laying all business aside, to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material, or those set forth in an attachment:

To produce the Data of the names and addresses of the customers that were at the Xfinity Store during t incident that drew a 911 Police Di Long Ave, Atlanta Ga Pd Apr 1 2021

PROCEEDING: Plaintiff
PLACE: P.C. Box 92120
Atlanta, Ga 30314

Mail all documents within
DATE: 15 days to plaintiff

TIME: _____ AM/PM

HEREIN FAIL NOT, under penalty of the law. Witness my hand and seal of this court, this the **25** day of
**May**, 20 **21**

If you have any questions, contact Attorney for the Plaintiff/Defendant:

NAME: SHMUEL GHEE
ADDRESS: P.C. Box 92120
Atlanta, Ga 30314
PHONE: _____

*Tiana P. Garner*

**TIANA P. GARNER, CLERK**
**Gwinnett County Clerk of Superior, State & Magistrate Courts**

*[signature]*
**By: Deputy Clerk or Attorney of Record**

Pursuant to O.C.G.A. 24-13-21 a subpoena must be completed prior to being served on a witness. Any person misusing a subpoena is subject to punishment for contempt of court and may be fined not more than $300 and imprisoned for not more than 20 days, or both. Witnesses may contact the Office of the Clerk of Court at 770.822.8100 to verify that this subpoena was issued for a valid case.

STATE OF GEORGIA
COUNTY OF GWINNETT

☐ SUPERIOR COURT        ☐ CIVIL DIVISION
☐ STATE COURT           ☐ CRIMINAL DIVISION
☑ MAGISTRATE COURT

## SUBPOENA FOR PRODUCTION OF EVIDENCE

SHUNLIFL. GHEE
**Plaintiff**

**Case Number:** 21-M-12968

vs. X Finity Comcast Cable
Phone and Internet Communications, LLC
**Defendant**

TO WITNESS:

NAME: Defendant
ADDRESS: 789 S Culver
Lawrenceville, Ga 30046

**YOU ARE HEREBY COMMANDED**, laying all business aside, to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material, or those set forth in an attachment:

To produce the Data of the names and addresses of the customers that were at the Xfinity Store during the incident that they a 699 Ponce De Leon Ave, Atlanta Ga on April 14, 2021

PROCEEDING: Plaintiff

PLACE: P.O. Box 92120
Atlanta, Ga 30314

DATE: Mail all documents within 15 days to plaintiff.

TIME: _____ AM/PM

HEREIN FAIL NOT, under penalty of the law.  Witness my hand and seal of this court, this the 25 day of

May , 20 21.

If you have any questions, contact Attorney
for the Plaintiff/Defendant:

NAME: SHMUEL GHEE
ADDRESS: P.O. Box 92120
Atlanta, Ga 30314
PHONE:

*Tiana P. Garner*

**TIANA P. GARNER, CLERK**
**Gwinnett County Clerk of Superior, State**
**& Magistrate Courts**

By: Deputy Clerk or Attorney of Record

Pursuant to O.C.G.A. 24-13-21 a subpoena must be completed prior to being served on a witness.  Any person misusing a subpoena is subject to punishment for contempt of court and may be fined not more than $300 and imprisoned for not more than 20 days, or both.  Witnesses may contact the Office of the Clerk of Court at 770.822.8100 to verify that this subpoena was issued for a valid case.

STATE OF GEORGIA                  □ SUPERIOR COURT        □ CIVIL DIVISION
COUNTY OF GWINNETT                □ STATE COURT           □ CRIMINAL DIVISION
                                  ☑ MAGISTRATE COURT

## SUBPOENA FOR PRODUCTION OF EVIDENCE

SHMUEL GHEE
**Plaintiff**

Vs. Xfinity Comcast Cable                   **Case Number:** '21-M 12968
Phone and Internet Communications LLC
**Defendant**

TO WITNESS:

NAME:  Defendant
ADDRESS:  784 S Culver
          Lawrenceville, Ga 30046

**YOU ARE HEREBY COMMANDED,** laying all business aside, to produce at the time, date and place set forth
below the following documents, electronically stored information, or objects, and permit their inspection,
copying, testing, or sampling of the material, or those set forth in an attachment:

To produce the Data of the names and addresses of the customers
that were at the Xfinity Store during t incident that they a 689
Ponce De Leon Ave, Atlanta Ga Per April 19, 2021

                                                Mail all document within
PROCEEDING: Plaintiff            **DATE:** 15 days to plaintiff
PLACE:  P.O. Box 92120
        Atlanta, Ga 30314        **TIME:** _____ AM/PM

HEREIN FAIL NOT, under penalty of the law.  Witness my hand and seal of this court, this the 25 day of
May , 20 21

If you have any questions, contact Attorney
for the Plaintiff/Defendant:

NAME:  SHMUEL GHEE                   *Tiana P. Garner*
ADDRESS:  P.O. Box 92120
          Atlanta, Ga 30314         **TIANA P. GARNER, CLERK**
PHONE:  _____                     **Gwinnett County Clerk of Superior, State
                                    & Magistrate Courts**

                                    *Malmgra*
                                    By: Deputy Clerk or Attorney of Record

Pursuant to O.C.G.A. 24-13-21 a subpoena must be completed prior to being served on a witness.  Any person misusing a subpoena is subject to
punishment for contempt of court and may be fined not more than $300 and imprisoned for not more than 20 days, or both.  Witnesses may
contact the Office of the Clerk of Court at 770.822.8100 to verify that this subpoena was issued for a valid case.

STATE OF GEORGIA
COUNTY OF GWINNETT

☐ SUPERIOR COURT          ☐ CIVIL DIVISION
☐ STATE COURT             ☐ CRIMINAL DIVISION
☑ MAGISTRATE COURT

## SUBPOENA FOR PRODUCTION OF EVIDENCE

SAMUEL L. GHEE
**Plaintiff**

Case Number: 21-M 12968

Vs. Xfinity Comcast Cable
Phone and Internet Communications, LLC
**Defendant**

TO WITNESS:

NAME: Defendant
ADDRESS: 154 S Culver
Lawrenceville, Ga 30046

YOU ARE HEREBY COMMANDED, laying all business aside, to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material, or those set forth in an attachment:

To produce the Data of the names and addresses of the customers that were at the Xfinity Store during t incident that they a 677 Ponce De Leone Ave, Atlanta Ga on April 14, 2021

Mail all documents within

PROCEEDING: Plaintiff
PLACE: P.O. Box 92120
Atlanta, Ga 30314

DATE: 15 days to plaintiff

TIME: _____ AM/PM

HEREIN FAIL NOT, under penalty of the law.  Witness my hand and seal of this court, this the **25** day of

**May** , 20 **21**

If you have any questions, contact Attorney for the Plaintiff/Defendant:

NAME: Samuel Ghee
ADDRESS: P.O. Box 92120
Atlanta, Ga 30314
PHONE: _____

*Tiana P. Garner*

**TIANA P. GARNER, CLERK**
**Gwinnett County Clerk of Superior, State & Magistrate Courts**

By: Deputy Clerk or Attorney of Record

Pursuant to O.C.G.A. 24-13-21 a subpoena must be completed prior to being served on a witness.  Any person misusing a subpoena is subject to punishment for contempt of court and may be fined not more than $300 and imprisoned for not more than 20 days, or both.  Witnesses may contact the Office of the Clerk of Court at 770.822.8100 to verify that this subpoena was issued for a valid case.

# Exhibit:  B

A copy of Georgia statute O.C.G.A. 24-10-25

Enforcement of subpoenas; continuance; secondary evidence of books, papers, or documents

**View the 2019 Georgia Code** | View Previous Versions of the Georgia Code

# 2010 Georgia Code
# TITLE 24 - EVIDENCE
# CHAPTER 10 - SECURING ATTENDANCE OF WITNESSES AND PRODUCTION AND PRESERVATION OF EVIDENCE
# ARTICLE 2 - SUBPOENAS AND NOTICE TO PRODUCE
# PART 1 - IN GENERAL
# § 24-10-25 - Enforcement of subpoenas; continuance; secondary evidence of books, papers, or documents

O.C.G.A. 24-10-25 (2010)
24-10-25. Enforcement of subpoenas; continuance; secondary evidence of books, papers, or documents


(a) Subpoenas may be enforced by attachment for contempt and by a fine not exceeding $300.00 and imprisonment not exceeding 20 days. In all cases under this Code section, the court shall consider whether under the circumstances of each case the subpoena was served within a reasonable time, but in any event not less than 24 hours prior to the time that

# Exhibit: C

A copy of a notice of a hearing date

## NOTICE TO APPEAR

### GWINNETT MAGISTRATE COURT, GEORGIA
### MAGISTRATE COURT CIVIL DIVISION

| GHEE VS XFINITY COMCAST PHONE AND INTERNET COMMUNICATIONS INC | 21-M-12968 |
|---|---|

SAMUEL GHEE
PO BOX 92120
Atlanta GA  30314

Judge: Alber L. Norton

| 09/23/2021 | 1:30 PM | 1C |
|---|---|---|

**NOTE: When you arrive, you must check the electronic boards outside of the Magistrate Court Office to CONFIRM YOUR COURTROOM ASSIGNMENT.**

ALL INTERESTED PARTIES are REQUIRED to appear for trial on the date and at the time set above. Trial will be held in the courtroom shown in the Gwinnett Justice and Administration Center (**unless otherwise indicated on the electronic boards**) located at 75 Langley Drive, Lawrenceville, Georgia.

If you have an attorney, you should contact him/her to be present with you in court.

YOU WILL RECEIVE NO OTHER NOTICE.

**PLEASE BRING THIS COURT NOTICE WITH YOU WHEN YOU COME TO YOUR HEARING OR TRIAL.**

You may view the complete calendar on which this case appears at http://www.gwinnettcourts.net. Click on the 'Magistrate' tab (at top of page), then click on 'Trial Calendars'.

Office of the Clerk
Gwinnett Magistrate Court

### CERTIFICATE OF SERVICE

The Clerk of Magistrate Court, Gwinnett County, Georgia does hereby certify that the date of mailing and the date of notice to the parties is August 17, 2021.

TIANA P. GARNER, CLERK
GWINNETT COUNTY MAGISTRATE COURT

*For Your Information*
Videos have been created by both the State Administrative Office of the Courts and the Gwinnett County Magistrate Court to help non-lawyer litigants prepare for trials in Magistrate Court. You may access and view these videos at www.gwinnettcounty.com; simply click on "TV Gwinnett" (located on the left hand side of the home page), and then click on "Video on Demand." The videos are found under the "Jury & Courts" tab. These videos answer commonly asked questions about how to present a case in Magistrate Court. The videos are not intended to provide, nor do they provide, legal advice. They are meant solely to give litigants a general overview of what to expect in Magistrate Court. We encourage all non-lawyer litigants to review the videos in advance of their scheduled court date.

Form: NMG2015.COD Rev Date: 10/05/2018, supersedes 04/0702014

# Exhibit:  D

A copy of the Judgment issued

**GWINNETT MAGISTRATE COURT**
**STATE OF GEORGIA**

Samuel Ghee
_____
**Plaintiff(s)**

vs.

Xfinity/Comcast, Phone, and
Internet, Communications, LLC
_____
**Defendant(s)**

Civil Action No. 21M12968

[ ✓ ] **JUDGMENT**    [ ] **CONSENT JUDGMENT**    [ ] **DEFAULT JUDGMENT**    [ ] **DISMISSAL**

The above case having come on regularly to be heard,  the Court makes the following findings: (check only if applicable)

[✓] Defensive pleadings filed by Defendant(s)                    [ ] Voluntary dismissal without prejudice - Statement of Claim *(can be re-filed)*
[ ] Counterclaim filed by Defendant(s)                               [ ] Voluntary dismissal - Counterclaim
[✓] Plaintiff(s) appeared    [ ] Plaintiff(s) failed to appear      [ ] Stipulated settlement and dismissal
[✓] Defendant(s) appeared   [ ] Defendant(s) failed to appear    [✓] Contested hearing held

**IT IS ORDERED AND ADJUDGED that:**

| [ ] **Plaintiff(s)' statement of claim** | [ ] **Defendant(s)' counterclaim** |
|---|---|
| [ ] Dismissed for want of prosecution, without prejudice *(can be refiled)* | [ ] Dismissed for want of prosecution, without prejudice *(can be refiled)* |
| [ ] Judgment is entered in favor of [ ] Plaintiff(s) [ ] Defendant(s) | [ ] Judgment is entered in favor of [ ] Plaintiff(s)  [ ] Defendant(s) |

[ ] **Judgment** *(net judgment when a claim and counterclaim have been considered)* is entered in favor of [ ] Plaintiff(s) [ ] Defendant(s)

against [ ] Plaintiff(s) [ ] Defendant(s), _____

_____,

$_____ principal          $_____ attorney's fees       future interest at _____% yr.

$_____ interest           $_____ court costs

[ ] Other _____

[ ] Said judgment shall, by [ ] the consent of both parties, [ ] order of the Court,  be paid to [ ] Plaintiff [ ] Defendant, as follows:

[ ] periodic payments in the sum of $_____, commencing _____,

payable  monthly, on the _____ of each month.

[ ] in full on or before _____

[ ] as attached/ follows: _____

_____

at the following address: _____

_____

No Fi.Fa. shall issue and no garnishment or other action may be taken on this judgment so long as payments are timely paid.  Should the judgment debtor(s) fail to make a payment or should payment be made more than 5 days beyond the due date, the Clerk of Magistrate Court is authorized to issue a Writ of Fi.Fa. in the amount then outstanding upon written affidavit/notice from the judgment creditor that payments have not been made as agreed and upon payment of the applicable Fi.Fa. fee by the judgment creditor.

**Duties of judgment creditor:** Upon payment of the entire debt upon which a judgment or FiFa has been issued, the judgment creditor shall timely (within 60 days) direct the clerk(s) of the appropriate court(s) in writing to: (1) cancel the writ of FiFa, if a writ was issued; (2) mark the judgment satisfied.  Failure to timely comply may subject the judgment creditor to monetary damages, O.C.G.A. § 9-13-80.

**SO ORDERED,** this 23 day of Sept. , 20 21 .          _____
                                                                                **Magistrate**

Consented to by:

_____

_____

_____

# Exhibit:  E

A copy of the final court docket after judgment

https://researchga.tylerhost.net/CourtRecordsSearch/ViewCasePrint/33c2277fe15c58ebac7bb8bf4102ae39

## Case Information

# GHEE VS XFINITY COMCAST PHONE AND INTERNET COMMUNICATIONS INC

21-M-12968

| Location | Case Category | Case Type | Case Filed Date |
|---|---|---|---|
| Gwinnett County - Magistrate Court | Civil | Statement of Claim | 5/12/2021 |

Case Status
Open (PEN)

## Parties 2

| Type | Name | Attorneys |
|---|---|---|
| DEFENDANT | XFINITY COMCAST PHONE AND INTERNET COMMUNICATIONS INC | WILLIAM R JOHNSON |
| PLAINTIFF | SAMUEL GHEE | Pro Se |

## Events 14

| Date | Event | Type | Comments | Documents |
|---|---|---|---|---|
| 5/12/2021 | Filing | Statement of Claim | | Statement of Claim.tif |
| 5/27/2021 | Filing | Sheriff/Marshall's Service | | Sheriffs Entry of Service.tif |
| 5/27/2021 | Filing | Sheriff/Marshall's Service | | Sheriffs Entry of Service.tif |
| 5/27/2021 | Filing | Sheriff/Marshall's Service | | Sheriffs Entry of Service.tif |
| 5/27/2021 | Filing | Sheriff/Marshall's Service | | Sheriffs Entry of Service.tif |
| 6/8/2021 | Filing | Motion | Motion to Quash Subpoenas | Motion to Quash Subpoenas.pdf |
| 6/8/2021 | Filing | Answer | Answer of Defendant Comcast | Answer of Defendant.pdf |
| 6/16/2021 | Filing | Document Other | Objections to Answer and Objections to Motion to Quash Subpoenas | attachment objections 6 15.pdf, Objections to Answer and motion to quash.pdf |
| 9/17/2021 | Filing | Motion to Dismiss | Comcast Cable Communications, LLC's Motion to Dismiss | Comcast's Motion to Dismiss.pdf |
| 9/17/2021 | Filing | Proposed Order | [Proposed] Order Granting Comcast's Motion to Dismiss | Order on Comcast's Motion to Dismiss.pdf |
| 9/17/2021 | Filing | Brief in Support of Motion | Brief in Support of Comcast's Motion to Dismiss | Brief in Support of Comcast's Motion to Dismiss.pdf |
| 9/21/2021 | Filing | Amended Statement of Claim | 9212021 | pdf copy notice of amended complaint.pdf |
| 9/21/2021 | Filing | Notice | 9212021 | notice of amended complaint.pdf |
| 9/24/2021 | Filing | Judgment | | Judgment.tif |

© 2021 Tyler Technologies, Inc. | All Rights Reserved
Version: 2021.8.0 61



Exhibit:  F


State Bar of Georgia active membership of both the defense attorney and the magistrate as a nexus

# Exhibit:  F

State Bar of Georgia active membership of both the defense attorney and the magistrate as a nexus

# State Bar of Georgia

# Mr. William R. Johnson

Moore Ingram Johnson & Steele LLP

326 Roswell Street Suite 100

Marietta, GA 30060-8604

| | |
|---|---|
| **Email** | wrj@mijs.com |
| **Phone** | (770) 429-1499 |
| **Fax** | (770) 429-8631 |

| | |
|---|---|
| **Status** | Active Member in Good Standing |
| **Public Discipline** | None on Record |
| **Admit Date** | 06/16/1983 |
| **Law School** | Mercer University-W. George L.S. |
| **Member of the following sections:** | General Practice and Trial |
| | Product Liability |
| | Insurance Law |



# State Bar of Georgia

# Mr. Albert Lewis Norton Jr.

Norton Law Firm PC

Suite 6304

1000 Peachtree Industrial Blvd

Suwanee, GA 30024

| | |
|---|---|
| **Email** | anorton@nortonlegal.com |
| **Phone** | (770) 826-5523 |
| **Fax** | |

| | |
|---|---|
| **Status** | Active Member in Good Standing |
| **Public Discipline** | None on Record |
| **Admit Date** | 07/20/1987 |
| **Law School** | University of South Carolina |